MPD:lmc 16-218

# UNITED STATES DISTRICT COURT
### for the
## DISTRICT OF RHODE ISLAND

UNITED OHIO INSURANCE COMPANY   :
                 :
VS.               :   C.A. NO.:
                 :
JOHN A. MURO, OCEAN STATE BUILDERS, INC., :
JENNIFER BURNS, RIVER SIDE CONDOMINIUMS, :
LLC, and MOHAMED H. HUSSEIN   :

## PETITION FOR DECLARATORY JUDGMENT

1. United Ohio Insurance Company (hereinafter "United Ohio") is an Ohio corporation with a principal place of business in Bucyrus, Ohio.

2. Defendant John A. Muro, upon information and belief, resides at 35 Stillwater Drive, Warwick, Rhode Island 02889.

3. Defendant Ocean State Builders, Inc., was a Rhode Island corporation with a principal place of business in Warwick, Rhode Island. Upon information and belief, the Certification of Incorporation of Ocean State Builders, Inc. has been revoked by the Rhode Island Secretary of State.

4. Defendant Jennifer Burns, upon information and belief, is a resident of the Town of North Attleboro, County of Bristol, and Commonwealth of Massachusetts.

5. Defendant River Side Condominiums, LLC, upon information and belief, is a Domestic Limited Liability Company with a principal office located in the Town Johnston, County of Providence, and State of Rhode Island.

6. Defendant Mohamed H. Hussein, upon information and belief, is a resident of the City of North Providence, County Providence, and State of Rhode Island.

7. This action is brought pursuant to the Federal Declaratory Judgments Act 28 U.S.C. §2201.

8. The plaintiff issued a policy of insurance to John A. Muro, Policy No.: BP 0008481 00 (hereinafter the "Policy"), with effective dates of July 17, 2009 to July 17, 2010.

9. On or about January 18, 2012, the defendant Burns filed a complaint in the Providence County Superior Court alleging injuries as a result of a fall injury that occurred on or about July 26, 2009. At that time, the defendant Burns made claim against defendants River Side Condominiums, LLC and Mohamed H. Hussein, as well as Liberty Construction, LLC. A copy of that complaint is attached hereto as **Exhibit A.**

10. In answering the defendant Burns' complaint in the Providence County Superior Court, the defendant therein Liberty Construction, LLC brought a third-party complaint against John A. Muro, individually and Ocean State Builders, Inc. *See* **Exhibit B.**

11. In response to the third-party complaint, the defendant Muro and Ocean State Builders, Inc. filed crossclaims against defendants herein River Side Condominiums, LLC and Mohamed H. Hussein. In response thereto, River Side Condominiums, LLC and Mohamed H. Hussein brought crossclaims against John A. Muro and Ocean State Builders, Inc. *See* **Exhibit C.**

12. The aforementioned policy of insurance provides, in pertinent part, as follows:

**"2.     Duties In The Event of Occurrence, Offense, Claim Or Suit**

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
   (1) How, when and where the "occurrence" or offense took place;
   (2) The names and addresses of any injured persons and witnesses; and
   (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:
   (1) Immediately record the specifics of the claim or "suit" and the date received; and
   (2) Notify us as soon as practicable.
   You must see to it that we receive written notice of the claim or "suit" as practicable.

   c. You and any other involved insured must:
   (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
   (2) Authorize us to obtain records and other information;
   (3) Cooperate with us in the investigation, or settlement of the claim or defense against the "suit"; and
   (4) Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

   d. No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or

incur any expense, other than for first aid, without our consent."

13.     The defendant Muro failed to notify United Ohio of the claims of Liberty Construction, LL, River Side Condominiums, LLC, and Mohamed H. Hussein, thus violating the terms and conditions of the policy.

14.     United Ohio has been prejudiced by the failure of the defendant Muro to timely notify it of the pending claims, and litigation.


        **WHEREFORE**, United Ohio Insurance Company hereby requests that this Court order

and declare as follows:

   a.     That there is no duty of United Ohio Insurance Company to defend and/or indemnify John A. Muro in the case now pending in the Providence County Superior Court captioned *Jennifer Burns v. River Side Condominiums, LLC, Liberty Construction, LLC and Mohamed H. Hussein v. John A. Muro, individually and Ocean State Builders, Inc.* (Civil Action No.: PC 2012-0266).

   b.     Such further relief as this Court shall deem just and meritorious.


                                    */s/ Mark P. Dolan*
                                    Mark P. Dolan, Esquire (#3280)
                                    RICE DOLAN & KERSHAW
                                    *Attorneys for Plaintiff*
                                    72 Pine Street, Suite 300
                                    Providence, RI 02903
                                    (401) 272-8800
                                    (401) 421-7218 (fax)
                                    **mdolan@ricedolan.com**


                                    Dated:   August 5, 2016